### FRANK A. CRITTENDEN

*v.*

### ELIZABETH C. CRITTENDEN.

*Filed at Ottawa October 31, 1891.*

APPEAL—*as to amount involved.* No appeal lies from the judgment of the Appellate Court affirming an order or decree for the allowance of temporary alimony and solicitor's fees, on a bill for separate maintenance, when the amount of the judgment is less than $1000, unless the Appellate Court shall certify that the case involves questions of law of such importance, on account of principal or collateral interests, that it ought to be passed upon by this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. SHUMAN & DEFREES, for the appellant.

Messrs. OLIVER & SHOWALTER, for the appellee.

Per CURIAM : This was a proceeding instituted in the circuit court of Cook county, by Elizabeth C. Crittenden, against Frank A. Crittenden, for separate maintenance, under section 22, chapter 68, of the Revised Statutes. Pending the proceeding, the complainant filed a petition for alimony and solicitor's fees *pendente lite*. Affidavits were filed in support of the petition, and counter-affidavits were also filed by the defendant, and upon the hearing of the petition the court entered an order requiring the defendant to pay complainant six dollars per week alimony pending the suit, and twenty-five dollars to complainant's solicitor. From this order or judgment of the circuit court an appeal was taken to the Appellate Court, where the judgment of the circuit court was affirmed, and to reverse the judgment of the Appellate Court the defendant has prosecuted this appeal.

The record contains no certificate from a majority of the Appellate judges that the case involves questions of law of such importance, on account of principal or collateral interests, that it should be passed upon by this court. The amount involved is less than $1000. Under the statute, therefore, in a case of this character the judgment of the Appellate Court is final, and no appeal will lie.

The appeal will be dismissed.

*Appeal dismissed.*